

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| BILLY G. HOOVER, *also known as Glenn*, § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> SOLICITOR ANNA BROWDER, R.C.S.D, § <br> DONALD W. ROBINSON, JUSTIN HUDSON,§ <br> and DUSTIN RICHARDS, § <br> Defendants. § | Civil Action No.: 3:22-2937-MGL |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION, DISMISSING BROWDER WITH PREJUDICE, AND DISMISSING REMAINING DEFENDANTS WITHOUT PREJUDICE

Plaintiff Billy G. Hoover (Hoover), proceeding pro se, filed an amended complaint against Defendants Solicitor Anna Browder (Browder), R.C.S.D., Donald W. Robinson (Robinson), Justin Hudson (Hudson), and Dustin Richards (Richards) alleging violations of his civil rights.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court dismiss Browder with prejudice and R.C.S.D., Robinson, Hudson, and Richards without prejudice. She also suggests the Court dismiss this action without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 3, 2022.  Hoover objected on November 16, 2022.  The Court has reviewed the objections, but holds them to be without merit.  It will therefore enter judgment accordingly.

First, Hoover makes several conclusory and nonspecific objections to the Report.

This Court need not conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The Court reviews the Report and Recommendation only for clear error in the absence of specific objections.  *See Diamond v. Colonial Life & Accident Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record to accept the recommendation.") (citation omitted).

Consequently, to the extent Hoover neglects to make specific objections, and the Court has found no clear error, it need not make a de novo review of the record before overruling those objections and accepting the Magistrate Judge's recommendation.

Further, inasmuch as the Magistrate Judge warned Hoover of the consequences of failing to file specific objections, Report at 6, he has waived appellate review as to those objections.  *See Howard v. Sec'y of Health & Human Servs*., 932 F.2d 505, 508–09 (6th Cir. 1991) (holding general objections are insufficient to preserve appellate review).

But, Hoover makes two specific objections that merit discussion.

Hoover objects to the Magistrate Judge's determination that Browder is immune from suit. He contends she "went outside of her official capacities to personally ag[g]ressively attac[k] [his] character" by lying to the state court judge at his bond hearing. Objections at 2.

But, Hoover's amended complaint neglects to include any allegation that Browder fabricated the existence of a police report against him. Even if it did, though, such an allegation fails to disturb the Magistrate Judge's determination that prosecutorial immunity applies. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (reasoning prosecutors are immune from Section 1983 claims where their challenged actions are "intimately associated with the judicial phase of the criminal process[.]").

In-court statements are quintessentially "intimately associated with the judicial phase of the criminal process[.]" *See Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018) (explaining that to determine whether a particular act is "intimately associated with the judicial phase[,]" the Court should employ a functional approach, distinguishing between advocative functions and investigative or administrative functions) (quoting *Imbler*, 424 U.S. at 430)). The Court will therefore overrule this objection.

Finally, Hoover objects to the Magistrate Judge's determination that his amended complaint fails to provide allegations about Robinson, Hudson, and Richards. He maintains they "went outside of their official capacities to personally set up a conspiracy to violate [his] civil rights[.]" Objections at 1.

Despite Hoover's conclusory contention in his objections that Robinson, Hudson, and Richards conspired against him, his amended complaint contains no facts that explain what exactly he claims Robinson, Hudson, and Richards to have done in this case, instead referring to R.C.S.D. generally. Therefore, the Court will overrule this objection, too.

Hoover may, however, move to amend his complaint to allege a federal civil rights claim against Robinson, Hudson, and Richards.  If Hoover chooses to make such a motion, he must do so within **fourteen (14) days** of this Order.  He must <u>attach a proposed second amended complaint</u> to his motion alleging specific additional facts.  The proposed second amended complaint must clearly state to which Defendant each fact pertains.  In other words, he must specify which Defendant he alleges did what, in sufficient detail to determine whether he has stated a claim.

Hoover must consider the <u>instructions provided to him</u> in the Magistrate Judge's proper form order, in the Report, and in this order when drafting any proposed second amended complaint, to ensure the proposed amendment is not futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" (quoting Federal Rule of Civil Procedure 15(a)).  The Court refuses to provide Hoover unlimited chances to amend his complaint.

If the motion to amend is granted, the proposed second amended complaint shall <u>replace all other complaints</u> in this matter, and thus should include <u>all</u> facts and claims pertaining to the Defendants, including those included in previous complaints.  *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted)).

Because this Order will dismiss Browder with prejudice, any proposed second amended complaint <u>shall not name her as a Defendant</u>.

After a thorough review of the Report and the record in this case under the standard set forth above, therefore, the Court overrules Hoover's objections, adopts the Report to the extent it does not contradict this order, and incorporates it herein.

Therefore, it is the judgment of the Court Browder is **DISMISSED WITH PREJUDICE** and without issuance and service of process. R.C.S.D., Robinson, Hudson, and Richards are **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process. Hoover may move to amend his complaint within fourteen days of this order. If Hoover fails to make such a motion by that time, the Clerk's Office is directed to enter judgment in this matter.

**IT IS SO ORDERED**.

Signed this 1st day of March 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.